UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **QUALOE BORIS FORD,** | ) |
| Petitioner, | ) |
| v. | ) Case No. 5:25-cv-851-RDP-GMB |
| **ALABAMA BOARD OF PARDONS AND PAROLES,** | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Qualoe Boris Ford filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The Magistrate Judge entered a Report and Recommendation (Doc. 9) on November 3, 2025, recommending that the petition be dismissed with prejudice. Ford has filed objections. (Doc. 10).

The Magistrate Judge concluded that Ford's federal habeas petition is untimely. (Doc. 9). In his objections, Ford argues that his petition should be considered timely because of his "rare-circumstance . . . as the established statutory limitations period . . . subsequent to filing a habeas corpus application" runs from the date the Alabama Supreme Court denied his petition for a writ of certiorari. (Doc. 10 at 1-2, 9). Ford misapprehends the law. The Magistrate Judge accurately stated that in a case involving a challenge to a parole revocation, the date of the parole board's decision triggers the limitation period under § 2244(d)(1)(D). (Doc. 9 at 5); *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). Here, the Alabama Board of Pardons and Parole revoked Ford's parole on September 24, 2020 (Doc. 6-5), and the one-year limitation period to file a federal habeas petition began to run on the following day—September 25, 2020. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that the day after the event marking finality is the first

day of AEDPA's one-year limitation period because Fed. R. Civ. P. 6(a)(1) excludes the day of the event that triggers a time period from its computation).  Therefore, Ford had until September 25, 2021, to file his federal habeas petition (*see Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008)), but Ford did not file his federal habeas petition until April 8, 2025.[1]  (Doc. 1).  The Magistrate Judge correctly concluded that Ford's petition is untimely.

Furthermore, Ford is not entitled to statutory tolling.  The Magistrate Judge explained the procedure in Alabama for challenging the parole board's decision to revoke parole and that a properly filed petition for common-law writ of certiorari in the trial court will toll the limitation period. (Doc. 9 at 6-7); *Ray v. Mitchem*, 272 F. App'x 807, 809 (11th Cir. 2008) (citing *Gholston v. Bd. of Pardons & Paroles*, 627 So. 2d 945, 947 (Ala. Civ. App. 1993)).  Unfortunately for Ford, his petition for certiorari did not toll the limitation period because he filed it on February 12, 2024 (Doc. 6-7 at 8), over two years after the period expired on September 25, 2021.  *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that a state-court petition filed after the expiration of the federal limitation period cannot toll the period because there is nothing left to toll).

The Magistrate Judge also found that Ford was not entitled to equitable tolling because he did not show that he had been "pursuing his rights diligently" and that "some extraordinary circumstance stood in his way and prevented timely filing." (Doc. 9 at 7-10); *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  The court agrees.  Finally, the Magistrate Judge concluded that Ford had not established his actual innocence, correctly pointing out that the legal standards for a parole revocation differ from those for a criminal charge.  *See Crowe v. Alabama*, 671 So. 2d 112, 113

---

[1] A pro se inmate's petition is deemed to have been filed on the date the inmate delivers it to prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780-82 (11th Cir. 1993).

(Ala. Crim App. 1995) (quoting *Foster v. Shinbaum*, 1992 WL 753565, at *4 (N.D. Ala. Aug. 18, 1992) ("'A revocation of probation does not require proof sufficient to sustain a criminal conviction. Acquittal in criminal proceedings does not preclude revocation of parole on the same charge in light of the fact that the quantum of evidence necessary to justify revocation of a sentence of probation is less than that necessary to establish guilt of a defendant beyond a reasonable doubt.'").

After careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation, the court **ADOPTS** the Report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that the petition for writ of habeas corpus is due to be dismissed with prejudice.

A final judgment will be entered.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds the petitioner's claims do not satisfy either standard.

**DONE** and **ORDERED** this January 27, 2026.

_____
**R. DAVID PROCTOR**
SENIOR U.S. DISTRICT JUDGE